**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARSHALL VANDERMARK, ET AL<br><br>        Plaintiffs,<br><br>  -against-<br><br>CITY OF NEW YORK, DEPARTMENT OF ENVIRONMENTAL PROTECTION, WATER BOARD FOR NEW YORK CITY AND LOCAL 300 SEIU,<br><br>        Defendants. | Case No. 08 CV 5332 |

## DEFENDANT LOCAL 300 SEIU'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### STATEMENT OF THE CASE

This Memorandum is submitted in support of Defendant Service Employees International Union Local 300 AFL-CIO's (Local 300) Motion to Dismiss the Complaint on the grounds that Plaintiffs fail to state a claim upon which relief can be granted and the Court lacks subject matter jurisdiction because the employee benefit plans which form the basis of the sole cause of action against this Defendant are exempt under the Employee Retirement Income Security Act (ERISA) 29 USC § 1001, et seq.

## PLAINTIFFS' CAUSE OF ACTION AGAINST LOCAL 300

The allegations of the Complaint are deemed to be true, although at trial certain critical allegations would be refuted. The facts which form the basis of this Motion to Dismiss are set forth in the Complaint and are reviewed here.

Plaintiffs are Civil Service public employees of the City of New York Department of Environmental Protection Police (a public employer) (Complaint ¶¶ 8, 78-82). They were also members of Defendant Local 300, the Union which previously represented their Civil Service job title (Complaint ¶ 14).

The First Six Causes of Action in the Complaint are employer and/or government agency related and asserted against the other Defendants and not Defendant Local 300. The Seventh Cause of Action (Complaint ¶¶125-135) against Defendant Local 300 pled under ERISA (Complaint ¶¶ 3, 9, 135) alleges that Defendant Local 300 received payments from the Defendant New York City for welfare benefits including (a) health insurance benefits, (b) supplemental benefits to retirees, (c) annuity fund contributions, and (d) employee welfare fund contributions (Complaint ¶ 126).

Plaintiffs assert that on their behalf the Law Enforcement Employees Benevolent Association (LEEBA) made a demand for an accounting (Complaint ¶¶ 127-132) and that Defendant Local 300 maintains excess funds which should be paid to LEEBA for the benefit of the Plaintiffs (Complaint ¶¶ 4, 129-134). Plaintiffs assert such rights under ERISA 29 U.S.C. § 1132 (Complaint ¶¶ 3, 9, 135).

## THE RELEVANT STATUTES

Motion to Dismiss

Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint where plaintiff fails to state a claim upon which relief can be granted and the Court lacks subject matter jurisdiction. In ruling on a motion, the court is required to accept the material facts alleged in the complaint as true. *Frasier v. General Electric Co.,* 930 F.2d 1004, 1007 (2d Cir. 1991). The Court will grant the motion where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash,* 976 F.2d 86, 87 (2d Cir. 1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

ERISA Exempts and Does Not Apply to the Governmental Plans Involved Here

ERISA defines a "governmental plan" as a plan established for governmental employees. 29 U.S.C. § 1002(32). ERISA does not apply to governmental plans. 29 U.S.C. § 1003(b)(1).

Employee welfare benefit plans such as those involved in our case which are established in accordance with collective bargaining agreements entered into between a union and a public employer for the benefit of public employees are "governmental plans" exempt from ERISA. *Feinstein v. Lewis,* 477 F.Supp. 1256, *affirmed* 622 F.2d 573 (SDNY 1979). See also, *Rose v. Long Island R.R. Pension Plan,* 828 F.2d 910, *certiorari denied* 108 S.Ct. 1112, 485 U.S. 936 (2nd Cir. 1987); *Clark By and Through*

*Clark v. Group Plan for Employees of North Tonawanda Public Schools,* 845 F.Supp. 117 (W.D.N.Y. 1994); *Gualandi v. Adams,* 385 F.3d 236 (2nd Cir. 2004).

In our case, Plaintiffs' sole cause of action against Local 300 is asserted under ERISA. As New York City public employees, Plaintiffs are governmental employees. Consequently, the rights they seek to enforce are not available to them because governmental employees benefit plans are exempt from ERISA. In view of the foregoing, Plaintiffs have failed to state a claim upon which relief can be granted and this Court lacks subject matter jurisdiction in the sole Cause of Action against Defendant Local 300. Accordingly, the Complaint must be dismissed against Local 300 in its entirety.

## CONCLUSION

In view of the foregoing, the Complaint must be dismissed in its entirety against Defendant Local 300.

Dated: Great Neck, New York
August 27, 2008

        Respectfully submitted,

        MIRKIN & GORDON, P.C.
        Attorneys for Defendant SEIU Local 300
        98 Cutter Mill Road, Suite 310N
        Great Neck, NY 11021
        (516) 466-6030

           /s/ Joel Spivak
        By:_____
           JOEL SPIVAK (JS 0960)

-5-

TO:    Richard J. Merritt, Esq.
       Attorney for Plaintiff
       2 Birs Avenue
       Lindenhurst, NY 11757
       (631) 412-5526

       The City of New York
       Law Department
       Attn: Donna Canfield, Esq.
       100 Church Street
       New York, NY 10007
       (212) 788-8703