UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

MARSHALL VANDERMARK, et al.,

                              Plaintiffs,

            -against-                                **ANSWER**

CITY OF NEW YORK, DEPARTMENT OF
ENVIRONMENTAL    PROTECTION,    WATER          08 CV 5332 (SAS)
BOARD FOR NEW YORK CITY and LOCAL 300
SEIU,

                              Defendants.

-----------------------------------------------------------------------x

        Defendants, City of New York, Department of Environmental Protection ("DEP")

and the Water Board for New York City, ("City defendants"), by their attorney, **MICHAEL A.**

**CARDOZO**, Corporation Counsel of the City of New York, as and for their answer to the

Verified Complaint, respectfully alleges as follows:

        1.     Deny the allegations set forth in Paragraph "1" of the Verified Complaint

except admit that DEP Environmental Police Officers ("EPOs") are employed by City of New

York.

        2.     Deny the allegations set forth in Paragraph "2" of the Verified Complaint

except admit that plaintiffs purport to proceed as stated therein.

        3.     Deny the allegations set forth in Paragraph "3" of the Verified Complaint

except admit that plaintiffs purport to proceed as stated therein.

        4.     Deny the allegations set forth in Paragraph "4" of the Complaint, except

admit that plaintiff Law Enforcement Employees Benevolent Association ("LEEBA") is the

collective bargaining representative for EPOs and purports to proceed as stated therein.

        5.     Deny the allegations set forth in Paragraph "5" of the Verified Complaint.

6.     Deny the allegations set forth in Paragraph "6" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

7.     Deny the allegations set forth in Paragraph "7" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

8.     Deny the allegations set forth in Paragraph "8" of the Verified Complaint, except admit that the EEOC issued a "Right to Sue" Letter on April 25, 2008.

9.     Deny the allegations set forth in Paragraph "9" of the Verified Complaint except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

10.     Admit the allegations set forth in Paragraph "10" of the Verified Complaint.

11.     Deny the allegations set forth in Paragraph "11" of the Verified Complaint, except deny knowledge and information sufficient to form a belief as to the citizenship of the plaintiffs and to whether each plaintiff has given his or her written consent to be a part of this action.

12.     Deny the allegations set forth in Paragraph "12" of the Verified Complaint except admit that LEEBA is a labor union.

13.     Deny the allegations set forth in Paragraph "13" of the Verified Complaint except admit that the City of New York is a municipal corporation organized and existing under the Constitution and laws of the State of New York.

14.     Paragraph "14" of the Verified Complaint sets forth a legal conclusion to which no response is required.  To the extent that this paragraph is found to interpose allegations of fact, defendants deny those allegations.

15.     Deny the allegations set forth in the second Paragraph "14" of the Verified Complaint.

16.     Deny the allegations set forth in Paragraph "16" of the Verified Complaint except admit that the New York City Water Board is responsible for establishing rates and charges and collecting user payments from customers for services provided by the water and wastewater utility systems of the City of New York.

17.     Deny the allegations set forth in Paragraph "17" of the Verified Complaint.

18.     Admit the allegations set forth in Paragraph "18" of the Verified Complaint.

19.     Admit the allegations set forth in Paragraph "19" of the Verified Complaint.

20.      Admit the allegations set forth in Paragraph "20" of the Verified Complaint.

21.     Deny the allegations set forth in Paragraph "21" of the Verified Complaint except respectfully refer the Court to New York City Administrative Code § 13-634 for a true and accurate statement of its contents.

22.     Deny the allegations set forth in Paragraph "22" of the Verified Complaint except respectfully refer the Court to New York City Administrative Code § 13-634 for a true and accurate statement of its contents.

23.     Deny the allegations set forth in Paragraph "23" of the Verified Complaint.

24.     Deny the allegations set forth in Paragraph "24" of the Verified Complaint and respectfully refer the Court to New York State Criminal Procedure Law § 1.20.32 (o) for a true and accurate statement of its contents.

25.     Deny the allegations set forth in Paragraph "25" of the Verified Complaint except admit that jurisdiction of the Department of Environmental police officers was extended to include the five boroughs of New York City.

26.     Deny knowledge or information sufficient to form a belief as to the truth of what "the entire nation" was alerted to as set forth in Paragraph "26" of the Verified Complaint.

27.     Deny the allegations set forth in Paragraph "27" of the Verified Complaint.

28.     Deny the allegations set forth in Paragraph "28" of the Verified Complaint.

29.     Deny the allegations set forth in Paragraph "29" of the Verified Complaint.

30.     Deny the allegations set forth in Paragraph "30" of the Verified Complaint, except deny knowledge and information sufficient to form a belief as to the allegations concerning the internal political machinations of Local 300.

31.     Deny the allegations set forth in Paragraph "31" of the Verified Complaint except admit that LEEBA is now the exclusive representative for purposes of collective bargaining for the bargaining unit consisting of the title Environmental Police Officer and deny knowledge and information sufficient to form a belief concerning the interactions between Local 300 and LEEBA.

- 4 -

32.    Deny the allegations set forth in Paragraph "32" of the Verified Complaint except admit that the New York City Board of Certification granted certification on October 20, 2005.

33.    Deny the allegations set forth in Paragraph "33" of the Verified Complaint, except admit that DEP recognized LEEBA as the representative of EPOs pursuant to their October 20, 2005 certification.

34.    Deny the allegations set forth in Paragraph "34" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

35.    Deny the allegations set forth in Paragraph "35" of the Verified Complaint.

36.    Deny the allegations set forth in Paragraph "36" of the Verified Complaint, and respectfully refer the Court to the New York City Administrative Code for a complete and accurate statement of its contents.

37.    Deny the allegations set forth in Paragraph "37" of the Verified Complaint except admit that Local 300 entered into a Collective Bargaining agreement and a Supplemental Agreement with the City of New York.

38.    Deny the allegations set forth in Paragraph "38" of the Verified Complaint.

39.    Admit the allegations set forth in Paragraph "39" of the Verified Complaint.

40.    Deny the allegations set forth in Paragraph "40" of the Verified Complaint.

41.    Deny the allegations set forth in Paragraph "41" of the Verified Complaint.

42.    In response to paragraph "42" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "41" of the Verified Complaint, as if fully set forth herein.

43.    Deny the allegations set forth in Paragraph "43" of the Verified Complaint.

44.    Deny the allegations set forth in Paragraph "44" of the Verified Complaint.

45.    Deny the allegations set forth in Paragraph "45" of the Verified Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Local 300, SEIU.

46.    Deny the allegations set forth in Paragraph "46" of the Verified Complaint.

47.    Deny the allegations set forth in Paragraph "47" of the Verified Complaint.

48.    Deny the allegations set forth in Paragraph "48" of the Verified Complaint.

49.    Deny the allegations set forth in Paragraph "49" of the Verified Complaint.

50.    In response to paragraph "50" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "49" of the Verified Complaint, as if fully set forth herein.

51.    Deny the allegations set forth in Paragraph "51" of the Verified Complaint except admit that F.J.C. Security, Inc. provides security functions for the City of New York Department of Environmental Protection.

52.    Deny the allegations set forth in Paragraph "52" of the Verified Complaint except admit that F.J.C. Security, Inc. provides security functions for the City of New York Department of Environmental Protection.

53.    Deny the allegations set forth in Paragraph "53" of the Verified Complaint.

54.    Deny the allegations set forth in Paragraph "54" of the Verified Complaint.

55.    Deny the allegations set forth in the second numbered Paragraph "54" of the Verified Complaint except admit that the security guards of F.J.C. Security, Inc. have no bargaining representative certified by the New York City Board of Certification.

56.    Deny the allegations set forth in Paragraph "56" of the Verified Complaint.

57.    Deny the allegations set forth in Paragraph "57" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

58.    Deny the allegations set forth in Paragraph "58" of the Verified Complaint except admit that the security guards of F.J.C. Security, Inc. are not police officers.

59.    Deny the allegations set forth in Paragraph "59" of the Verified Complaint.

60.    Deny the allegations set forth in Paragraph "60" of the Verified Complaint.

61.    Deny the allegations set forth in Paragraph "61" of the Verified Complaint.

62.    Deny the allegations set forth in Paragraph "62" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

63.    Deny the allegations set forth in Paragraph "63" of the Verified Complaint except admit that plaintiffs purport to proceed as stated therein.

64.    In response to paragraph "64" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "63" of the Verified Complaint, as if fully set forth herein.

65.    Deny the allegations set forth in Paragraph "65" of the Verified Complaint.

66.    Deny the allegations set forth in Paragraph "66" of the Verified Complaint except admit that EPOs work cooperatively with other jurisdictions in the State of New York to protect the water supply and provide additional assistance to local agencies on a limited basis.

67.    There is no paragraph "67," in the Verified Complaint and therefore no response is required.

68.    Deny the allegations set forth in Paragraph "68" of the Verified Complaint.

69.    Deny the allegations set forth in Paragraph "69" of the Verified Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other municipalities and counties in New York State.

70.   Deny the allegations set forth in Paragraph "70" of the Verified Complaint, except admit EPOs accrue sick leave and that NYPD Officers receive sick leave at a quantity and under circumstances that can differ from the sick leave of EPOs.

71.   Deny the allegations set forth in Paragraph "71" of the Verified Complaint and refer the Court to General Municipal Law § 207-c for a complete and accurate statement of its contents.

72.   Deny the allegations set forth in Paragraph "72" of the Verified Complaint except admit that EPOs may apply for Workers' Compensation Benefits for on-the-job injuries.

73.   Deny the allegations set forth in Paragraph "73" of the Verified Complaint.

74.   Deny the allegations set forth in Paragraph "74" of the Verified Complaint.

75.   Deny the allegations set forth in Paragraph "75" of the Verified Complaint.

76.   Deny the allegations set forth in Paragraph "76" of the Verified Complaint.

77.   Deny the allegations set forth in Paragraph "77" of the Verified Complaint and respectfully refers the Court to General Municipal Law §207-c for a complete and accurate statement of its contents.

78.   Deny the allegations set forth in Paragraph "78" of the Verified Complaint.

79.   Deny the allegations set forth in Paragraph "79" of the Verified Complaint.

80.    Deny the allegations set forth in Paragraph "80" of the Verified Complaint and respectfully refer the Court to Article V §6 of the New York State Constitution and New York State Civil Service Law §52 for a true and accurate statement of their contents.

81.    Deny the allegations set forth in Paragraph "81" of the Verified Complaint and respectfully refer the Court to Article V §6 of the New York State Constitution and New York State Civil Service Law §52 for a true and accurate statement of their contents.

82.    Deny the allegations set forth in Paragraph "82" of the Verified Complaint and respectfully refer the Court to New York State Civil Service Law §61 for a true and accurate statement of its contents.

83.    Deny the allegations set forth in Paragraph "83" of the Verified Complaint.

84.    Deny the allegations set forth in Paragraph "84" of the Verified Complaint.

85.    Deny the allegations set forth in Paragraph "85" of the Verified Complaint.

86.    Deny the allegations set forth in Paragraph "86" of the Verified Complaint.

87.    Deny the allegations set forth in Paragraph "87" of the Verified Complaint.

88.    Deny the allegations set forth in Paragraph "88" of the Verified Complaint.

89.    Deny the allegations set forth in Paragraph "89" of the Verified Complaint.

90.     Deny the allegations set forth in Paragraph "90" of the Verified Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other police officers in New York State.

91.     Deny the allegations set forth in Paragraph "91" of the Verified Complaint.

92.     Deny the allegations set forth in Paragraph "92" of the Verified Complaint.

93.     Deny the allegations set forth in Paragraph "93" of the Verified Complaint.

94.     Deny the allegations set forth in Paragraph "94" of the Verified Complaint.

95.     Deny the allegations set forth in Paragraph "95" of the Verified Complaint.

96.     Deny the allegations set forth in Paragraph "96" of the Verified Complaint.

97.     In response to paragraph "97" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "96" of the Verified Complaint, as if fully set forth herein.

98.     Deny the allegations set forth in Paragraph "98" of the Verified Complaint except admit that F.J.C. Security Inc. guards are governed by the requirements of Article 7(a) of the New York State General Business Law.

99.     Deny the allegations set forth in Paragraph "99" of the Verified Complaint.

100. Deny the allegations set forth in Paragraph "100" of the Verified Complaint.

101. Deny the allegations set forth in Paragraph "101" of the Verified Complaint.

102. Deny the allegations set forth in Paragraph "102" of the Verified Complaint.

103. Deny the allegations set forth in Paragraph "103" of the Verified Complaint.

104. Deny the allegations set forth in Paragraph "104" of the Verified Complaint.

105. Deny the allegations set forth in Paragraph "105" of the Verified Complaint.

106. Deny the allegations set forth in Paragraph "106" of the Verified Complaint.

107. Deny the allegations set forth in Paragraph "107" of the Verified Complaint.

108. Deny the allegations set forth in Paragraph "108" of the Verified Complaint.

109. Deny the allegations set forth in Paragraph "109" of the Verified Complaint.

110. Deny the allegations set forth in Paragraph "110" of the Verified Complaint.

111.    Deny the allegations set forth in Paragraph "111" of the Verified Complaint.

112.    Deny the allegations set forth in Paragraph "112" of the Verified Complaint.

113.    Deny the allegations set forth in Paragraph "113" of the Verified Complaint.

114.    Deny the allegations set forth in Paragraph "114" of the Verified Complaint except that plaintiffs purport to proceed as stated therein.

115.    Deny the allegations set forth in Paragraph "115" of the Verified Complaint except that plaintiffs purport to proceed as stated therein.

116.    Deny the allegations set forth in Paragraph "116" of the Verified Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' fears.

117.    In response to paragraph "117" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "116" of the Verified Complaint, as if fully set forth herein.

118.    Deny the allegations set forth in Paragraph "118" of the Verified Complaint.

119.    Deny the allegations set forth in Paragraph "119" of the Verified Complaint.

120.    Deny the allegations set forth in Paragraph "120" of the Verified Complaint.

121.    Deny the allegations set forth in Paragraph "121" of the Verified Complaint and affirmatively state that the information is publicly available.

121(b). Deny the allegations set forth in the second numbered Paragraph "121" of the Verified Complaint.

121(c). Deny the allegations set forth in the third numbered Paragraph "121" of the Verified Complaint.

122.    In response to paragraph "122" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "121" of the Verified Complaint, as if fully set forth herein.

123.    Deny the allegations set forth in Paragraph "123" of the Verified Complaint.

124.    Deny the allegations set forth in Paragraph "124" of the Verified Complaint.

125.    In response to paragraph "125" of Verified Complaint defendants repeat and re-allege their responses to Paragraphs "1" through "126" of the Verified Complaint, as if fully set forth herein.

126.    Deny the allegations set forth in Paragraph "126" of the Verified Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "127" of the Verified Complaint.

128.    Deny the allegations set forth in Paragraph "128" of the Verified Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Local 300, SEIU.

129.    Deny the allegations set forth in Paragraph "129" of the Verified Complaint.

130.    Deny the allegations set forth in Paragraph "130" of the Verified Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "131" of the Verified Complaint.

132.    Deny the allegations set forth in Paragraph "132" of the Verified Complaint.

133.    Deny the allegations set forth in the second numbered Paragraph "132" of the Verified Complaint.

134.    Deny the allegations contained in Paragraph "134" of the Verified Complaint except admit plaintiffs purport to request the relief as stated therein.

135.    Deny the allegations contained in Paragraph "135" of the Verified Complaint except admit plaintiffs purport to request the relief as stated therein.

### AS AND FOR A FIRST DEFENSE

136.    The Complaint fails to state any claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

137.    Petitioner has not satisfied all conditions precedent to suit.

### AS AND FOR A THIRD DEFENSE

138.    The Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims.

### AS AND FOR A FOURTH DEFENSE

139.    Plaintiffs lack standing necessary to bring suit.

## AS AND FOR A FIFTH DEFENSE

140.     Plaintiffs' have failed to exhaust their administrative remedies prior to bringing suit.

## AS AND FOR A SIXTH DEFENSE

141.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## AS AND FOR A SEVENTH DEFENSE

142.     At all times relevant to the acts alleged in the Verified Complaint, City defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, non-retaliatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule or regulation.

## AS AND FOR AN EIGHTH DEFENSE

143.     The Complaint may be barred, by whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH DEFENSE

144.     At all times relevant to the acts in the Verified Complaint, all acts by City defendants were taken in good faith, in conformity with, and in reliance on written rulings or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## AS AND FOR A TENTH DEFENSE

145.     At all times relevant to the acts in the Verified Complaint, all actions of the City defendants were taken in good faith and with reasonable grounds for believing they were not in violation of the Fair Labor Standards Act.

## CONCLUSION

**WHEREFORE,** City defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           September 2, 2008

           **MICHAEL A. CARDOZO**
           Corporation Counsel of the
           City of New York
           Attorney for City Defendants
           100 Church Street, Room 2-107
           New York, N.Y. 10007-2601
           212-788-8703

           By: _____
           Donna A. Canfield
           Assistant Corporation Counsel
           dcanfiel@law.nyc.gov

cc:    Richard J. Merritt
       *Attorney for Plaintiffs*
       2 Birs Avenue
       Lindenhurst, NY 11757
       (By Facsimile: 631-593-8073)

       Joel Spivak
       Mirkin & Gordon, PC
       *Attorneys for Defendant Local 300 SEIU*
       98 Cuttermill Rd.
       Great Neck, N.Y. 11021
       (By Facsimile: 516-829-3946)

08 CV 5332 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSHALL VANDERMARK, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, DEPARTMENT OF
ENVIRONMENTAL PROTECTION, WATER BOARD
FOR NEW YORK CITY and LOCAL 300 SEIU,

Defendants.

## ANSWER

## MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-107
New York, New York  10007-2601

Of Counsel:  Donna A. Canfield
Tel.:  212-788-8703

LM No.: 2008-022238

*Service of which is hereby acknowledged:*

.................................... , N.Y.  Dated: ...........................................

Signed: ...............................................................................................

Print Name: .......................................................................................

Attorney for: ......................................................................................