**MANDATE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/07/2010

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

08cv5332(SAS)

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1      At a stated term of the United States Court of Appeals
 2  for the Second Circuit, held at the Daniel Patrick Moynihan
 3  United States Courthouse, 500 Pearl Street, in the City of
 4  New York, on the 7th day of September, two thousand ten.
 5
 6  PRESENT: DENNIS JACOBS,
 7                     Chief Judge,
 8           REENA RAGGI,
 9                     Circuit Judge
10           JED S. RAKOFF,*
11                     District Judge.
12
13  - - - - - - - - - - - - - - - - - - -X
14  Marshall Vandermark, as Environmental
15  Police Officers employed by New York
16  City, and Law Enforcement Employees
17  Benevolent Association LEEBA et al.
18           Plaintiffs-Appellants,
19
20  Jon Shamaro, Jason Shaw, Matthew Wood,
21           Plaintiffs,
22
23           -v.-                                         09-4746-cv
24
```

FILED SEP -7 2010 Catherine O'Hagan Wolfe

---

        * District Judge Jed S. Rakoff, Judge of the United
States District Court for the Southern District of New York,
sitting by designation.

MANDATE ISSUED ON 10/06/2010

```
 1    City of New York, Water Board for New
 2    York City, Department of Environmental
 3    Protection, Local 300 SEIU, Mayor
 4    Michael Bloomberg, Commissioner Emily
 5    Lloyd, Chief Edward Welch,
 6    individually and in their
 7    representative capacities, President
 8    James Golden, Local 300, SEIU, & Local
 9    300 SEIU,
10              Defendants-Appellees.
11    - - - - - - - - - - - - - - - - - - - -X
12
13    APPEARING FOR APPELLANTS:   RICHARD J. MERRITT, Lindenhurst,
14                                NY.
15
16    APPEARING FOR APPELLEES:    SUSAN B. EISNER, Stephen J.
17                                McGrath, Donna Anne Canfield,
18                                Michael A. Cardozo, Corporation
19                                Counsel of the City of New York,
20                                New York, NY.
21
22                                JOEL SPIVAK, Mirkin & Gordon,
23                                P.C., Great Neck, NY, for
24                                Defendant-Appellee Local 300
25                                SEIU.
26
27        Appeal from a judgment of the United States District
```

Court for the Southern District of New York (Scheindlin,

J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiffs appeal from a May 4, 2009 order of the United States District Court for the Southern District of New York (Scheindlin, J.). In the main, they are Environmental Police Officers (EPOs) employed by the City of New York. They assert various state and federal claims

principally challenging their compensation and benefits. The district court dismissed the federal claims for failure to state a cause of action, and declined to exercise supplemental jurisdiction over the state law claims. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review. We review the district court's order de novo. E.g., Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010).

The plaintiffs appeal the dismissal of their claims under the Fair Labor Standards Act (FLSA), the Age Discrimination in Employment Act (ADEA), the Labor Management Relations Act (LMRA), the Employee Retirement Income Security Act (ERISA), and Title VII of the Civil Rights Act; and their 42 U.S.C. §§ 1983 and 1985 equal protection claims. Dismissal of the other claims is either unchallenged on appeal, or the challenge is forfeited. See, e.g., Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

The district court correctly dismissed the plaintiffs' ADEA, Title VII, Equal Protection, and LMRA and ERISA claims.

- Title VII: To establish their Title VII claim, the plaintiffs would need to show employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). They alleged no such nexus.
- ADEA: To establish their ADEA claim, the plaintiffs would need to show employment discrimination on the basis of age. 29 U.S.C. § 623(a)(1). Alleging unequal retirement benefits does not allege age discrimination.
- Equal Protection: To establish their §§ 1983 and 1985 equal protection claims, the plaintiffs would need to show that there is no "*reasonably conceivable* state of facts that could provide a rational basis for the classification." Yuen Jin v. Mukasey, 538 F.3d 143, 158 (2d Cir. 2008) (emphasis in original). As the district court observed, "[t]here are numerous reasonable bases on which the City of New York might decide that NYPD officers and EPOs should receive different compensation and benefits, including the danger

```
 1              associated with the positions, the physical strain
 2              of the job, and the cost of living in the areas in
 3              which NYPD officers and EPOs work." Vandermark v.
 4              City of N.Y., 615 F. Supp. 2d 196, 209 (S.D.N.Y.
 5              2009)
 6          •   LMRA and ERISA: Neither the LMRA nor ERISA, in
 7              relevant part, applies to state "political
 8              subdivision[s]." 29 U.S.C. § 152(2) (LMRA); 29
 9              U.S.C. §§ 1002(32), 1003(b) (ERISA); cf. Ford v.
10              D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d
11              Cir. 2009) (per curiam) ("It is clear to us . . .
12              that the New York City Department of Health and
13              Mental Hygiene is a 'political subdivision' of New
14              York that is exempt under § 152(2).").
15       Respecting the plaintiffs' FLSA claim, the district
16  court correctly applied the § 207(k) exemption, 29 U.S.C.
17  § 207(k). Based on the undisputed facts of this case, EPOs
18  [1] are "empowered . . . to enforce laws . . . , and to
19  prevent and detect crimes"; [2] "ha[ve] the power to
20  arrest"; and [3] "undergo on-the-job training and/or a
21  course of instruction and study which typically includes
22  physical training, self-defense, firearm proficiency,
23  criminal and civil law principles, investigative and law
```

1  enforcement techniques, community relations, medical aid and

2  ethics."  29 C.F.R. § 553.211(a).

3      Finding no merit in the plaintiffs' remaining

4  arguments, we hereby **AFFIRM** the district court's judgment.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit